IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Jacori Andre Carter, )
    Plaintiff, )
     )
v. ) 1:13cv1425 (LMB/JFA)
     )
Benjamin Ulep, et al., )
    Defendants. )

## MEMORANDUM OPINION

Jacori Andre Carter, a Virginia inmate proceeding pro se, has filed a civil rights action, pursuant to 42 U.S.C. § 1983, alleging that defendants are denying him adequate medical care and subjecting him to cruel and unusual punishment. On March 7, 2014, defendants Dr. Benjamin Ulep and Nurse Marjorie Woodruff submitted a joint Motion to Dismiss with a supporting memorandum of law and provided plaintiff with the notice required by Local Rule 7(K) and Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Plaintiff filed a "counter-affidavit" opposing the Motion to Dismiss. Docket No. 25. On April 28, 2014, defendants Lt. William, Officer Wells, Officer Gainey and Officer Hull filed a joint Motion for Summary Judgment with a supporting memorandum of law and provided plaintiff with the notice required by Local Rule 7(K) and Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). On May 20, 2014, the Court granted plaintiff's Motion for an Extension of Time to respond to defendants Lt. William, Officer Wells, Officer Gainey and Officer Hull's joint Motion for Summary Judgment, and on June 25, 2014, plaintiff filed a "counter-affidavit" in response. For the reasons that follow defendants Dr. Benjamin Ulep and Nurse Marjorie Woodruff's joint Motion to Dismiss will be granted in part and denied in part and defendants Lt. William, Officer Wells, Officer Gainey and Officer Hull's joint Motion for Summary Judgment will be granted.

## II. Motion to Dismiss

### A. Plaintiff's Allegations

Plaintiff alleges that on August 5, 2013, defendant William stated that plaintiff was being non-responsive and that she was "going to utilize O.C. Spray Gas . . . though . . . [plaintiff is] a known chronic patient (asythmatic)." Am. Compl. 4. Defendant William then sprayed the gas into plaintiff's cell. Id. Plaintiff alleges that an extraction team consisting of defendants Wells, Hull, Reece, and Gainey came into his cell, though he was "not resistant" and sitting on his bed. Id. Plaintiff alleges defendant Reece shocked him with an electric shield, defendant Gainey punched him, and defendant Hull picked him up in the air and "slammed" him to the ground per defendant William's instruction. Id. Plaintiff also alleges that he was injured during the cell extraction after he was beaten by defendants Gainey, Wells, Curry, and Hulls. Id. Defendant Gainey, allegedly, twisted plaintiff's left foot until "a cracking sound was made." Compl. ¶ 1

Plaintiff alleges that he was then taken to the medical ward where defendant Woodruff assessed plaintiff and ordered an X-Ray be taken. Compl. ¶ 2; Am. Compl 5. Defendant Ulep looked at the X-Ray, determined the foot was not broken, and sent plaintiff back to the main building. Compl. ¶ 2. Plaintiff alleges that defendant Ulep, however, never personally examined him. Id. He goes on to allege that he was not given any pain medication though he was in excruciating pain. Id. ¶¶ 2, 3.

On August 8, 2013, plaintiff submitted an emergency grievance complaining of knee problems. Id. at ¶ 5. Defendant Treier, a nurse, responded to the request stating it did not qualify as an emergency and directed plaintiff to submit a sick call request. Id. Plaintiff alleges that defendant Treier was deliberately indifferent to plaintiff's medical needs by responding to the request without first examining plaintiff. Id. Plaintiff makes similar allegations against defendants O'Neal, id. ¶ 6,

2

Edwards, id. ¶ 7, and Austin, id. ¶ 8. In his Motion to Amend his complaint, plaintiff states that "as of the filing [of his] Motion to Amend . . . [he] had [knee] surgery on 12/12/13." Mot. Am. 3 of 3.

### B. Standard of Review

The standard of review for a motion to dismiss under Fed. R. Civ. P. 12(b)(6) requires the Court to assume the facts alleged in the complaint are true and draw all reasonable inferences in the plaintiff's favor. Burbach Broadcasting Co. of Del. v. Elkins Radio Corp., 278 F.3d 401, 406 § (4th Cir. 2002). "Judgment should be entered when the pleadings, construing the facts in the light most favorable to the non-moving party, fail to state any cognizable claim for relief, and the matter can, therefore, be decided as a matter of law." O'Ryan v. Dehler Mfg. Co., 99 F.Supp.2d 714, 718 (E.D. Va. 2000). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Accordingly, a party must "nudge[ ] their claims across the line from conceivable to plausible" to survive a Rule 12(b)(6) motion to dismiss. Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In addition, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'— 'that the pleader is entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### C. Analysis

To state a cognizable Eighth Amendment claim for denial of medical care, plaintiff must allege facts sufficient to show that jail officials were deliberately indifferent to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 105 (1976); Staples v. Va. Dep't of Corr., 904 F.Supp. 487, 492 (E.D.Va. 1995). Thus, plaintiff must allege two distinct elements to state a claim upon which relief can be granted. First he must allege a sufficiently serious medical need. See, e.g., Cooper v.

Dyke, 814 F.2d 941, 945 (4th Cir. 1987) (determining that intense pain from an untreated bullet wound is sufficiently serious); Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978) (concluding that the "excruciating pain" of an untreated broken arm is sufficiently serious). Second, he must allege deliberate indifference to that serious medical need. Under this second prong, an assertion of mere negligence or even malpractice is not enough to state an Eighth Amendment violation; instead, plaintiff must allege deliberate indifference "by either actual intent or reckless disregard." Estelle, 429 U.S. at 106; Daniels v. Williams, 474 U.S. 327, 328 (1986). The prisoner must demonstrate that defendant's actions were "[s]o grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Id. (citations omitted). Significantly, a prisoner's disagreement with medical personnel over the course of his treatment does not make out a cause of action. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975) (per curiam).

Defendants Dr. Ulep and Nurse Woodruff's Motion to Dismiss will be granted, in part, and denied, in part. Plaintiff alleges that he was denied medical care from Dr. Ulep's treatment of his knee problem and from being denied any pain medication. Am. Compl. 5 (treatment); Am. Compl. 6 (pain medication). Assuming without deciding that plaintiff's knee pain meets the first element of having a "sufficiently serious medical need," see Cooper, 814 F.2d at 945, plaintiff's allegations against Dr. Ulep and Nurse Woodruff regarding their treatment of his knee fail to meet the second prong of showing that these defendants acted with deliberate indifference to his medical need. According to plaintiff's own allegations, defendant Woodruff assessed his medical needs and ordered an X-ray be taken. Am. Compl. 5. Similarly, Dr. Ulep examined the X-ray and eventually ordered plaintiff to have surgery on his knee. See id. at 5; Mot. Am. 4 of 4. Thus, rather than showing that defendants Ulep and Woodruff's actions were "[s]o grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness," see Estelle,

429 U.S. at 106, plaintiff's allegations regarding the treatment of his knee show that these defendants responded to his medical need. While plaintiff's allegations may show that he disagreed with the treatment he received from Dr. Ulep and Nurse Woodruff, this is insufficient to state a claim under the Eighth Amendment. Wright, 766 F.2d at 849.

Plaintiff's allegations regarding not receiving any pain medication for the "excruciating pain" in his knee can amount to deliberate indifference. See DeBoer v. Luy, 70 F. App'x 880, 883 (7th Cir. 2003) ("It is true that the refusal to give an inmate *any* prescribed pain medication can amount to deliberate indifference."). While defendants Dr. Ulep and Nurse Woodruff argue that "disagreement over whether, and to what extent, to provide pain medication is not actionable under 42 U.S.C. § 1983" the cases they cite support the argument that being provided *inadequate* pain medication fails to state a denial of medical care claim but the cases do not directly address whether being denied *any* pain medication can amount to deliberate indifference. Thus, defendant Dr. Ulep and Nurse Woodruff's joint Motion to Dismiss will be granted, in part, and denied, in part without prejudice to their ability to submit a supplemental motion regarding plaintiff's allegations that he was denied *any* pain medication.

### III. Motion for Summary Judgment

#### A. Statement of Undisputed Facts

On August 5, 2013, mental health staff put plaintiff on a 15 minute watch, which requires "[o]bservation by security staff . . . at 15 minute intervals or more frequently if directed by the institutional physician or qualified mental health professional." William Aff. ¶¶ 4, 10. While on the watch, plaintiff covered his cell window preventing staff from monitoring him. William Aff. ¶ 4; Gainey Aff. ¶ 4; Mem. Supp. 7. Defendant Lt. William tried to speak with plaintiff but plaintiff did not respond and did not uncover his window. William Aff. ¶ 4. Linda Hall, a medical health

5

professional, tried to talk to plaintiff and tried to assess whether he wanted to harm himself but plaintiff did not respond. William Aff. ¶ 4; Id. at Ex. A.

After being contacted and advised of the situation, Warden Davis instructed Lt. William to assemble an extraction team to enter the cell and place plaintiff in four-point restraints.[1] William Aff. ¶ 4. Officer Reece, Officer Godett, and defendants Officer Wells, Officer Hull, and Officer Gainey were all assigned to the extraction team. William Aff. ¶ 6. Lt. William contacted the medical unit and was advised that there was no medical reason why OC gas and a NOVA shield could not be used. William Aff. ¶ 5. Before entering the cell, a burst of OC spray was applied into plaintiff's cell. William Aff. ¶ 5. After plaintiff did not respond to the OC spray, Lt. William ordered the extraction team to enter plaintiff's cell. William Aff. ¶ 5.

Upon their entry, Officers Wells, Gainey, and Hull saw plaintiff standing on the sink in his cell, from which he leapt to his bed and then onto the extraction team. Gainey Aff. ¶ 4; Hull Aff. ¶ 5; Wells ¶ 4. Plaintiff grabbed the NOVA shield from Officer Reece, threw it aside, and swung at the officers "punching everyone." Gainey Aff. ¶ 4; see Hull Aff. ¶ 5; Wells Aff. ¶ 4. The officers brought plaintiff to the floor and restrained him. Hull Aff. ¶ 5; Wells Aff. ¶ 4. No officer threw plaintiff to the ground or intentionally kneed or punched him. Gainey Aff. ¶ 6; Hull Aff. ¶ 6. The extraction team then escorted plaintiff to medical, Gainey Aff. ¶ 4, where a subsequent X-Ray showed that no injuries were incurred during the cell extraction, William Aff. ¶ 9. Officers Wells, Hull, and Gainey all attest that the team used only the amount of force necessary to restrain plaintiff. William Aff. ¶ 13; Gainey Aff. ¶ 6; Hull Aff. ¶ 6; Wells Aff. ¶ 4. After plaintiff was returned to his cell, he was placed in four-point restraints and kept in the restraints until 8:10 a.m. on August 7, 2013. William Aff. ¶ 12.

---

[1] Four-point restraints are used to restrain an offender by placing him face up on a bed with both legs restrained and the offender's hands secured by his side. William Aff. ¶ 11. Restraints are used in a cell when an inmate poses a threat to himself or others. William Aff. ¶ 10.

## B. Standard of Review

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of proving that summary judgment is appropriate. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). To meet that burden, the moving party must demonstrate that no genuine issues of material fact are present for resolution. Id. at 322. Once the moving party has met its burden to show that it is entitled to judgment as a matter of law, the burden shifts to the non-moving party to point out the specific facts which create disputed factual issues. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Matsushita Electrical Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Those facts which the moving party bears the burden of proving are facts which are material. "Only disputes over facts which might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248. An issue of material fact is genuine when, "the evidence . . . create[s] [a] fair doubt; wholly speculative assertions will not suffice." Ross v. Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir. 1985). Thus, summary judgment is appropriate only where no material facts are genuinely disputed and the evidence as a whole could not lead a rational fact finder to rule for the non-moving party. Matsushita, 475 U.S. at 587.

The non-moving party may not defeat a properly-supported summary judgment motion by simply substituting the "conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990). Even where the non-moving party in such a situation is a pro se prisoner entitled to liberal construction of his pleadings, a "declaration under oath . . . is not enough to defeat a motion for summary judgment. He

has to provide a basis for his statement. To hold otherwise would render motions for summary judgment a nullity." Campbell-El v. Dist. of Columbia, 874 F.Supp. 403, 406 - 07 (D.C. 1994).

### C. Excessive Force

To survive summary judgment on an Eighth Amendment claim, an inmate must demonstrate that "'the prison official acted with a sufficiently culpable state of mind (subjective component) and ... the deprivation suffered or injury inflicted on the inmate was sufficiently serious (objective component).'" Iko v. Shreve, 535 F.3d 225, 238 (4th Cir. 2008) (quoting Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996)). To satisfy the objective component, the plaintiff must demonstrate that the "nature" or amount of force employed "was nontrivial." Wilkins v. Gaddy, 559 U.S. 34, 39 (2010). The subjective component turns on whether the inmate can demonstrate "'wantonness in the infliction of pain.'" Iko, 535 F.3d at 239 (quoting Whitley, 475 U.S. at 322). As to the subjective component, the "core judicial inquiry" is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 7 (1992); see also, Whitley v. Albers, 475 U.S. 312, 320-21 (1986). "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated . . . whether or not significant injury is evident." Hudson, 503 U.S. at 9. The extent of injury suffered by the inmate is relevant to the Eighth Amendment inquiry, both because it may suggest whether the use of force could plausibly have been thought necessary in a particular situation, Whitley, 475 U.S. at 321, and because it may provide some indication of the amount of force applied. Wilkins, 130 S.Ct. at 1178. (rejecting the notion that an excessive force claim involving only *de minimis* injury is subject to automatic dismissal). Nonetheless, "[i]njury and force . . . are only imperfectly correlated, and it is the latter that ultimately counts." Id. at 1178-79.

8

### 1. Cell Extraction

Pursuant to these authorities, it takes little analysis to conclude that neither the subjective nor the objective component is met and that defendants Lt. William, Officer Wells, Officer Gainey and Officer Hull are entitled to the summary judgment they seek on plaintiff's claim of excessive force. The pleadings, affidavits, and exhibits on file demonstrate that defendants used no force in restraining plaintiff that was unreasonable under the circumstances. To the contrary, the evidence supplied by the defendants indicates that force was applied to plaintiff in a good-faith effort to restore discipline and order after plaintiff did not respond to defendant Lt. William's and Linda Hall's attempt to speak with plaintiff and have him uncover his window. William Aff. ¶ 4. After plaintiff did not respond to a burst of OC spray into his cell, defendants Officer Wells, Gainey, and Hull entered the cell to find plaintiff standing on his sink, at which point he jumped at the officers trying to punch them. Gainey Aff. ¶ 4; see also Hull Aff. ¶ 5; Wells Aff. ¶ 4. Under such circumstances, plaintiff's alleged injury of knee-pain that he may have suffered does not suggest that a greater amount of force was applied than would have been required to avert his aggression toward the officers. Wilkins, 130 S.Ct. at 1178. Certainly, nothing whatever indicates that force was applied to plaintiff "maliciously and sadistically to cause harm." Hudson, 503 at 7.

Though plaintiff refutes defendants' statements of what occurred on August 5, 2013, his unsworn allegations are insufficient to defeat defendant's Motion for Summary Judgment because he fails to provide a basis for his statement. See Lujan, 497 U.S. at 888; Campbell-El, 874 F.Supp. at 406-7. Since the evidence as a whole could not lead a rational fact finder to rule for the plaintiff, summary judgment is appropriate, and defendants Lt. William, Officer Wells, Officer Gainey, and Officer Hull's joint motion for that relief must be granted. Matsushita, 475 U.S. at 587.

### 2. Due Process

Plaintiff alleges that his Due Process rights were violated when he was placed in four point restraints the afternoon August 5, 2013 until August 7, 2013, before being served a disciplinary offense report. Compl. 2.

With respect to the use of restraints, the Supreme Court has recognized that "[p]hysical restraints are effective only in the short term, and can have serious physical side effects when used on a resisting inmate . . . ." Washington v. Harper, 494 U.S. 210, 226-27 (1989). In Williams, the court noted that:

> in our civilized society, we would like to believe that chaining a human being to a metal bed frame in a spread eagle position would never be necessary. Unfortunately it sometimes is. Courts have thus approved the limited use of four-point restraints, as a last resort, when other forms of prison discipline have failed.

77 F.3d at 763. In Sadler v. Young, 325 F.Supp.2d 689 (W.D. Va.2004) rev'd. on other grounds, 118 Fed. Appx. 762 (4th Cir. 2005), the court found that "any reasonable jury would find that completely immobilizing an inmate in five-point restraints for nearly forty-eight hours constitutes more than de minimus pain, even when the inmate is temporarily released . . . and regardless of whether there is proof that the inmate suffered any lasting injury." Id. at 704. Thus, a genuine issue of material fact exists as to the objective component of plaintiff's excessive force claim. See Card v. D.C. Dep't of Corrections, No. 2:00cv631, 2005 WL 2260167 *6 (Sept. 13, 2005) (holding that pursuant to Sadler defendants had failed to rebut plaintiff's showing as to the objective component of his excessive force claim").

The evidence shows, however, that the subjective component is not met because plaintiff was placed in four point restraints "in a good-faith effort to maintain or restore discipline." Hudson, 503 U.S. at 7. As discussed above, plaintiff did not respond to verbal requests to uncover his window or to respond after OC spray was administered to his cell. William Aff. ¶ 5. Further rather than being non-resistant, as plaintiff claims, am. compl. 4, he grabbed the NOVA shield, Gainey

Aff. ¶ 5, and jumped on and punched the extraction team, upon their entry into the cell, Gainey Aff. ¶ 4; Hull Aff. ¶ 5; Wells Aff. ¶ 4. As such, defendants are entitled to the relief they seek. Matsushita, 475 U.S. at 587.[2]

### IV. Defendants L. O'Neal, D. Treier, T. Austin, and G. Edwards

Defendants L. O'Neal, D. Treier, T. Austin, and G. Edwards never executed and returned a notice of summons and waiver of service. By Order dated January 22, 2014, the Court warned plaintiff that "if the Court is unable to effect service on any of the named defendants through this Order and defendants are not otherwise served within 120 days of filing, those defendants will be dismissed from the instant action without prejudice." Because defendants L. O'Neal, D. Treier, T. Austin, and G. Edwards were not served within 120 days of January 22, 2014, these defendants will be dismissed.

### V. Conclusion

For the above-stated reasons, defendants Dr. Ulep and Nurse Woodruff's joint Motion to Dismiss will be granted in part and denied in part without prejudice to their ability to submit a supplemental motion regarding plaintiff's allegations that he was denied *any* pain medication. Defendants Lt. William, Officer Wells, Officer Gainey, and Officer Hull's joint Motion for Summary Judgment will be granted. Defendants L. O'Neal, D. Treier, T. Austin, and G. Edwards will be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m). An appropriate order shall issue.

Entered this 10th day of July 2014.

/s/ 
Leonie M. Brinkema
United States District Judge

Alexandria, Virginia

---

[2] Defendants also assert qualified immunity with respect to plaintiff's claims. Defs' Mem. Supp. 10-11. Because the Court concludes that plaintiff has failed to establish that a violation of his constitutional rights occurred, the issue of qualified immunity need not be addressed. Shabazz v. Virginia Dep't of Corr., No. 3:10cv638, 2013 WL 1098102 at *9 (E.D. Va. March 15, 2013).